

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2006

# Hunt v. PA Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hunt v. PA Dept Corr" (2006). *2006 Decisions.* Paper 1415.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1415

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3411
_____

HAROLD HUNT,
Appellant

v.

PA DEPARTMENT OF CORRECTIONS; JAMES PRICE;
ALLADIN SYED; DR. LATIMORE; PAUL A. NOEL;
DR. SKWIVANSKI; DR. STEVENS; FRED POLANDO;
PHS/EMSA; STEPHANIE WOOD; PHILIP L. JOHNSON;
JOAN DELIE; JEFFREY BEARD; EDWARD SWIERCZEWSKI;
DR. BANDY; DR. WHITE; DIANE MANSON
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00277)
District Judge: Honorable William L. Standish
_____

Submitted Under Third Circuit LAR 34.1(a)
JANUARY 24, 2006
Before:  MCKEE, FUENTES AND NYGAARD,  Circuit Judges.

(Filed:  March 17, 2006)
_____

OPINION
_____

PER CURIAM

Harold Hunt appeals the District Court's order dismissing his complaint as barred

by the statute of limitations.  For reasons that follow, we will vacate the judgment of the

District Court and remand for further proceedings.

# I

On January 10, 2003, Hunt filed a summary complaint alleging that the defendants conspired to deny or interfere with his medical treatment while he was a state prisoner. (At the time he filed his complaint, Hunt was no longer a prisoner.) In response to the defendants' motion for a more definite statement, Hunt set forth a series of medical complaints beginning "about June, 1997." Most important for present purposes, in ¶ 8 he states: "After INH medication was stopped aweek [sic] before the time of completion, plaintiff seeked [sic] treatment for hepatitis C, and was denied by all doctors . . . which continued from 1997 to January 8, 2001."

Certain of the defendants responded with a motion to dismiss the complaint because, inter alia, it is facially apparent from ¶ 8 that Hunt's complaint was filed two days late under the pertinent two-year statute of limitations. In his brief in opposition Hunt retorted that "the facts in this case . . . continued to January 12, 2001," not January 8, and that the defendants' actions "constitute a continuing and on-going wrong/ and wrongs . . . ." which continued until his release (on January 12[1]). Hunt then filed a motion to amend his complaint, which the court granted. In his amended complaint Hunt described his claims in further detail, but provided no specific date later than December 8,

---

[1] Although it is perhaps implicit in his earlier filings, Hunt does not appear to have expressly stated that January 12, 2001, was his release date until he filed his objections to the Magistrate Judge's Report and Recommendation.

2000.  He also complained, however, that mistreatment continued until his release.  The defendants moved to dismiss the amended complaint for essentially the same reasons as before.

The Magistrate Judge found in favor of the defendants, deeming Hunt's changing January 8, 2001, to January 12, 2001, "a transparent attempt to avoid the statute of limitations."  Moreover, the Magistrate Judge found the amended complaint untimely even with regard to January 12, 2001, because it was not filed until August 2004 and because the allegations concerning the period between January 10 and January 12 do not relate back.  He also concluded that the "continuing violations" doctrine does not apply because the amended complaint was not filed within two years of January 12, 2001.  Over Hunt's objections the District Court adopted the Magistrate Judge's Report and Recommendation, dismissed Hunt's complaint as to all the defendants, and denied Hunt's subsequent motion for reconsideration.  This appeal followed.[2]

## II

A complaint may not be dismissed under Rule 12(b)(6) as untimely under the relevant statute of limitations unless it is plain from the face of the complaint that it was not timely filed.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994).  Hunt's initial complaint provides no dates at all.  He did not provide the date on which the defendants based their motion to dismiss – January 8, 2001 – until his

---

[2] We have jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.  Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005).

response to the motion for a more definite statement. In his reply to the motion to dismiss, Hunt changed the date to January 12, his release date, and complained that the defendants' alleged malfeasance "lasted the entire period until released." In his amended complaint Hunt did not expressly provide any final date for his alleged mistreatment. Rather, he stated that he was denied adequate treatment during the period leading up to his release:

> The defendants continued the ongoing denial of necessary diagnosis, follow-up treatment two weeks before plaintiff went home he was locked up and denied adequate pain medication. While locked up . . . plaintiff could not eat could see just a little, from eye pain, and burning eyes, I was swelled up yet I could not see a doctor. Plaintiff's head was tingling and tight and a very loud ringing in the ears. I was confused and could barely think straight or walk straight plaintiff was forced to walk to a bus stop where it took plaintiff almost 45 minutes to walk 2 blocks to a bus stop, I had trouble communicating with the bus driver. I thought I would fall out at any time.

Amended complaint at ¶ 41.

In other words, it does <u>not</u> clearly appear on the face of Hunt's amended complaint that his action is barred by the statute of limitations. To reach the conclusion that it was, the Magistrate Judge relied chiefly on two reasons. The first required him to look beyond the face of Hunt's pleadings and find that changing the date to January 12 was "a transparent attempt to avoid the statute of limitations." R&R at 2. This finding has at least two flaws. First, in ruling on a motion to dismiss, a court "accept[s] all facts pleaded as true and draw[s] all reasonable inferences in favor of the plaintiff." <u>Oshiver</u>, 38 F.3d at 1384. Second, it is not at all obvious that Hunt was acting in bad faith to avoid the statute of limitations. The thrust of Hunt's pleadings is that he was provided inadequate medical

treatment throughout his period of incarceration, and his argument that he was confused and mistook the date of his discharge is neither false on its face nor inherently implausible. Yet unless Hunt was discharged more than two years before he filed his complaint, the complaint was not, on its face, untimely filed.  Hunt's pleadings are hardly models of lucidity, and it does not comport with the leeway owed to pro se litigants to hold him to the earlier of two (or more) dates in his filings in order to find his complaint untimely.

The second major reason relied on by the Magistrate Judge is that even if January 12, 2001, is accepted as the pertinent date, it is of no avail because Hunt did not allege that date until he filed his amended complaint in August 2004, i.e., more than three and a half years after January 12, 2001.[3]  Although this would not matter if the amended complaint related back, the Magistrate Judge implicitly concluded that it did not, citing cases for the familiar proposition that relation back is precluded when "new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery."  R&R at 3.

However, the Magistrate Judge provides no support for this conclusion.  Hunt alleges that the defendants engaged in a pattern of continuing behavior, which began in 1997 and lasted until his release.  When altering the date to January 12 in his response to the motion to dismiss, Hunt does not appear to have  added any new claims or to describe significantly different untreated symptoms (even if the amended complaint added new

---

[3] Although it make no practical difference, we note that Hunt alleged January 12, 2001, in his May 2004 response to the motion to dismiss, not in his amended complaint.

claims as well as fleshing out his previously stated claims, that would not warrant dismissing the entire complaint as time-barred).[4]

For these reasons, we conclude that the District Court erred in dismissing the complaint as untimely under Rule 12(b)(6). Accordingly, we will vacate the judgment of the District Court and remand the matter for further proceedings.[5]

---

[4] The Magistrate Judge also rejected Hunt's invocation of the continuing violation doctrine because the amended complaint "was not filed within two years of the last tortious act." R&R at 4. In light of our reasons for vacating the judgment of the District Court we need not decide whether the continuing violation doctrine applies.

[5] We note that our holding in this case is narrow and does not amount to a finding that Hunt's complaint was timely filed. We express no opinion as to whether a statute of limitations defense is viable in this case with regard to any or all of Hunt's claims, whether there are other grounds for dismissing the complaint as to any or all of the defendants, or whether any of Hunt's claims have merit.